IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KIRBY HUGHES                                                                                    PLAINTIFF

VS.                                                                                    No. 1:04CV386-D-D

CITY OF GUNTOWN, MISSISSIPPI, ET. AL.                                          DEFENDANTS

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently pending before the Court is the Defendants' motion for summary judgment. Upon due consideration, the Court finds that the motion shall be granted.

*A. Factual Background*

The Plaintiff filed this Section 1983 action on December 8, 2004. In the early morning hours of May 2, 2004, the Plaintiff, Kirby Hughes, was traveling to Guntown, Mississippi, on Highway 348. The Plaintiff was returning home from a trip to Wal-Mart in Tupelo, Mississippi. The Plaintiff came to a stop sign at the intersection of Highway 348 and Highway 145 in Guntown. The Plaintiff stopped behind two police officers in separate patrol cars.

At the intersection, the Plaintiff noticed that his car lights were not shining brightly on the back of the patrol car. After the patrol car proceeded through the intersection, the Plaintiff exited to inspect his lights. The Plaintiff was driving a truck that had day-time running lamps, but they appeared dim to him. While Plaintiff was inspecting his lights, one of the patrol cars made a u-turn and came back toward the Plaintiff in the opposite lane. Officer Michael Rhea of the Guntown Police Department rolled down his window and inquired about Hughes' problem. Hughes relayed to Rhea that his lights appeared dim and the two spoke for a moment. The Plaintiff returned to his car and as he was slamming the door heard Officer Rhea speak again.

The Plaintiff rolled down his window and Rhea asked, "Where are you going?" Hughes responded, "Well, I don't see where it is your business where I'm going, but I'm going home." After responding, Hughes drove off.

After Hughes drove away, Office Rhea radioed Officer Mike Hall of the Guntown Police Department and asked him to pull over the Plaintiff. Officer Hall pulled behind Hughes and activated his blue lights. Despite seeing the blue lights, the Plaintiff failed to pull over stating that he was only three-quarters of a mile away from home. Officer Hall claims he activated his siren, but Plaintiff denies ever hearing it. The Plaintiff pulled into his driveway and Officers Hall and Rhea pulled behind his truck.

After parking his truck, the Plaintiff exited and proceeded towards his home. The officers exited their patrol cars and Officer Hall told Hughes, "Put your hands on the car, put your hands on the car!" Hughes responded, "For what? I ain't done nothing." Officer Rhea again demanded that Hughes place his hands on the car. According to Hughes, Officer Rhea tackled the Plaintiff and slammed him on the hood of Officer Hall's patrol car. Hughes was then placed in handcuffs, placed in the back of Officer Rhea's patrol car and then transported to Guntown City Hall.

The Plaintiff was charged with failure to yield the right of way to an emergency vehicle and disorderly conduct. Officer Rhea contacted Chief of Police Kerry Whitten to discuss the matter with him. Chief Whitten gave Rhea permission to release the Plaintiff on a recognizance bond. The Plaintiff was released.

After the incident, the Plaintiff took his truck to Autozone to check his lights. It was discovered that the cause of the malfunction was a loose ground. Hughes then fixed the problem himself. In addition, Plaintiff noticed bruising as a result of being tackled by Officer Rhea. The Plaintiff went to the emergency room at North Mississippi Medical Center. He was treated for

his injuries and released.

The Plaintiff spoke to Guntown Mayor Davis and Chief Whitten about the incident and charges filed against him. Chief Whitten indicated that he had spoken with Officer Rhea and he had agreed to dismiss the charges. The charges were dismissed by Municipal Court Judge John Sheffield. Judge Sheffield did tell the Plaintiff to stop the next time he saw blue lights.

The Plaintiff filed this action stating that the Defendants violated his civil rights under the Fourth and Fourteenth Amendments. The Plaintiff alleges that he was arrested without probable cause. In addition, he asserts a state law claim under the Mississippi Tort Claims Act ("MTCA") against the City of Guntown for the alleged negligence of its officers.

The Defendants now move this Court to enter summary judgment on their behalf. The Defendants state that there was probable cause to arrest the Plaintiff. In addition, the Defendants assert that the individual officers are entitled to qualified immunity. Furthermore, the Defendants state that they are entitled to judgment as a matter of law because Plaintiff has failed to plead the existence of a municipal policy or custom which cause the alleged constitutional deprivation. The Defendants move that they are excepted from liability under the tort claims act and that the officers were performing a discretionary function.

The Plaintiff responds that the Defendants did not have probable cause for arresting Plaintiff because his headlights were functioning, Plaintiff did pull over and yield to blue lights within one mile, and did not resist arrest. In addition, the Plaintiff states that Officer Rhea lacked training in patrol duties and that the City of Guntown failed to properly train him. The Plaintiff states that Defendants are not entitled to qualified immunity because they acted in an objectively unreasonable manner. Furthermore, the Plaintiff asks this Court not to attach <u>Monell's</u> rule of nonrespondeat superior liability to this case. The Plaintiff also asserts that Defendants acted with

reckless disregard under the MTCA and its claims are not barred by the discretionary function exception to the MTCA.

## B. *Standard of Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. V. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) (the burden on the moving party may be discharged by 'showing...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trail.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. At 2553, 91 L. Ed. 2d At 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(C) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. At 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. V. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 536, 552 (1986).

*C. Discussion*

A. Section 1983 Claims

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To state a claim under Section 1983 the Plaintiff must (1) allege he has be deprived of a right secured by the United States Constitution or the laws of the United States; and (2) demonstrate that the alleged violation was committed by a person acting under color of state law. Cornish v.Corr. Serv. Corp., 402 F.3d 545, 549 (5th Cir. 2005). In this case, the Plaintiff has alleged arrest without probable cause, or the violation of his Fourth Amendment Rights. That is a clearly established constitutional right. See Eugene v. Alief Indep. Sch. Dist., 65 F.3d 1299, 1305 (5th Cir. 1995) (acknowledging the "right under the Fourth and Fourteenth Amendments to be free from false arrest").

"Whether an arrest is illegal, however, hinges on the absence of probable cause." Sorenson v. Ferrie, 134 F.3d 325, 328 (5th Cir. 1998). Thus, if the Plaintiff cannot show a lack of probable cause, then he has failed to state of violation of a constitutional right. The Supreme Court has found probable cause to exist where the facts and circumstances within the arresting officers' knowledge are sufficient to warrant a prudent person in believing that the suspect had committed or was committing a crime. See Beck v. Ohio, 379 U.S. 89, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964); United States v. Froman, 355 F.3d 882, 889 (5th Cir. 2004). If an officer has probable cause to believe an individual has committed even a minor criminal offense in his presence, then he may without violating the Fourth Amendment, arrest the individual. Atwater v.

City of Lago Vista, 532 U.S. 318, 354, 121 S. Ct. 1536, 1558, 149 L. Ed. 2d 549 (2001) (warrantless arrest for failure to secure children in seat belts did not violate the Fourth Amendment).

In the case *sub judice*, the Plaintiff was arrested for failure to stop a motor vehicle pursuant to signal from law enforcement, failure to yield to an emergency vehicle, and disorderly conduct. In Mississippi, every motor vehicle is required to have two working head lamps. Miss. Code Ann. § 63-7-13 (1972). The headlights must be of sufficient intensity so as to reveal persons and vehicles at a distance of 100 feet. Miss Code Ann. § 63-7-31. Officer Rhea knew that the Plaintiff had a problem with his lights because the Plaintiff had informed him of such. Thus, there was a lawful reason to stop him. In addition, Plaintiff failed to pull over after Officer Hall turned on his blue lights, in violation of Miss Code Ann. 97-9-72(1). Officer Hall had a reasonable suspicion that the Plaintiff had committed a crime because Officer Rhea radioed for him to pull the Plaintiff over. Finally, the Plaintiff failed to cooperate with police instructions in violation of Miss Code Ann § 97-3507. See Merritt v. State of Mississippi, 497 So. 2d 811 (Miss. 1986) (disorderly conduct by failure to comply with commands of a police officer is a punishable crime).

The Court notes that this whole series of events could have been avoided had cooler heads prevailed. However, Plaintiff could have prevented this whole incident had he stopped when Officer Hall turned on his blue lights or complied with the officers' requests at his home. The Court finds that there was probable cause to arrest the Plaintiff. First, Plaintiff admittedly had malfunctioning headlights. Officer Rhea noticed this and inquired about such to the Plaintiff. In addition, it was after midnight, a time when drunk driving and other illegal activities occur. The Plaintiff's response to Officer Rhea and the sudden drive-off probably aroused

Officer Rhea's suspicion in accord with the malfunction headlights.  Officer Hall was reacting on Officer Rhea's direction to pull the Plaintiff over.  Therefore, Officer Hall had a reasonable suspicion that some kind of criminal activity was present.  The Plaintiff also failed to stop at the signal of law enforcement.  This activity further aroused suspicion and is a traffic offense itself.  Finally, the Plaintiff failed to cooperate with the officers' instructions at his home.  Thus, the Court finds there was probable cause for his arrest.  Being such, the Plaintiff has not proven a violation of a right secured under the Constitution.  Therefore, his Section 1983 claim fails.  The Defendants are entitled to judgment as a matter of law on the 1983 claim.

2.  Qualified Immunity

The individual defendants have asserted that they are entitled to qualified immunity in this action.  The Court now turns to that defense.  In ruling on a defendant's claim of qualified immunity, the court first must determine whether the plaintiff has alleged the violation of a clearly established constitutional right.  Siegert v. Gilley, 500 U.S. 226, 230, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991).  Then, the court must determine whether the officer's actions were objectively reasonable under settled law in the circumstances with which he was confronted.  Hunter v. Bryant, 502 U.S. 224, 227, 112 S. Ct. 534, 536, 116 L. Ed. 2d 589 (1991); See Pfannstiel v. Marion, 918 F.2d 1178, 1183 (5th Cir. 1990) (If "reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity.").

In the case *sub judice*, the Plaintiff has alleged the violation of a clearly established constitutional right– including his right to be free from arrest absent probable cause.  The Court is satisfied that the Plaintiff has alleged a violation of the Fourth Amendment.  Thus, the Court will now determine whether the Defendants' actions were objectively reasonable.

The Court first looks to the actions of Officer Rhea. Officer Rhea inquired about why the Plaintiff had stopped and about the nature of his problem. Then, after inquiring where the Plaintiff was going, the Plaintiff was defensive and drove off quickly. Officer Rhea then radioed Officer Hall to pull the Plaintiff over. Officer Rhea arrived at Plaintiff's house and tackled him after he refused police commands. Taking the totality of the circumstances, the Court finds that Officer Rhea's actions were objectively reasonable. Officer Rhea noticed malfunctioning headlights, it was late at night, Plaintiff drove off quickly, Plaintiff ignored the blue lights of Officer Hall, and then ignored commands of the police officer. Thus, the Court finds that Officer Rhea acted in an objectively reasonable manner and is entitled to qualified immunity.

The Court finds that there is no question whether Officer Hall acted in a reasonable manner. Officer Hall followed the direction of a fellow officer and pulled the Plaintiff over. Normally when a fellow officer requests that action it is because they have seen or have reasonable suspicion that criminal activity is afoot. Thus, Officer Hall had a reasonable belief that Plaintiff was committing a crime. In addition, Plaintiff's failure to stop for Officer Hall gave him ample reason to go to his house and arrest the Plaintiff. The Court finds that Officer Hall acted in an objectively reasonable manner and is entitled to qualified immunity.

3. Municipal Liability

Municipal liability under section 1983 requires proof of (1) a policymaker, (2) an official policy, and (3) a violation of constitutional rights whose "moving force" is the policy or custom. Monell v. Dep't of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978). The text of section 1983 precludes municipal liability predicated on respondeat superior. Board of Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). Thus, the unconstitutional conduct must be directly attributable to the

municipality by some sort of official action.  Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001), *cert. denied,* 534 U.S. 820, 122 S. Ct. 53, 151 L. Ed. 2d 23 (2001).  Isolated incidents of unconstitutional actions by municipal employees will almost never trigger municipal liability.  Id. Bennett v. City of Slidell, 728 F. 2d 762, 768 n. 3 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016, 105 S. Ct. 3476, 87 L. Ed. 2d 612 (1985).

Here, the Plaintiff cannot maintain a theory of municipal liability.  The Plaintiff has not identified a policy-maker, which is a criterion for 1983 liability.  See Jett v. Dallas Independent School District, 491 U.S. 701, 737, 109 S. Ct. 2702, 2724, 105 L. Ed. 2d 598 (1989).  In addition, the Plaintiff has failed to identify an official policy, practice or procedure.  See Webster v. City of Houston, 735 F. 2d 838 (5th Cir. 1984) (en banc).  The Plaintiff asks this Court to overturn almost thirty years of Supreme Court and Fifth Circuit precedent and hold the City of Guntown liable under a respondeat superior theory.  The law is clear in this case and this Court must follow the plethora of cases that deny municipal liability based upon respondeat superior.  Thus, the Plaintiff cannot maintain an action for municipal liability under section 1983 and the Defendants are entitled to judgment as a matter of law.

4.  Liability Under the Mississippi Tort Claims Act

The Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 et seq., provides the exclusive remedy against a governmental entity for acts or omissions which give rise to suit.  Watts v. Tang, 828 So.2d 785, 791 (Miss. 2002).  The Act further provides that "a governmental entity and its employees acting within the course and scope of their employment duties shall not be liable for any claim . . ."

> [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities related to police or fire protection unless the employee acted in reckless disregard of the safety and

well-being of any persons not engaged in criminal activity at the time of injury. Miss. Code Ann. § 11-46-9(1)(C). The police exemption of the MTCA is designed to protect law enforcement personnel from lawsuits arising out of the performance of their duties with respect to the victim. Miss. Dept. of Public Safety v. Durn, 861 So.2d 990, 997 (Miss. 2003). Government entities may be held liable only if the complained of conduct amounts to recklessness. Craddock v. Hicks, 314 F. Supp. 2d 648, 654 (N.D. Miss. 2003); Maldanado v Kelly, 768 So.2d 906, 909 (Miss. 2000). While the statute does not provide a definition, the Mississippi Supreme Court describes recklessness as where an "actor has intentionally done an act of unreasonable character in reckless disregard to the risk known to him, or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." Maldanado, 768 So. 2d at 910.

As discussed above, Hughes was driving with malfunctioning headlights which is a violation of Miss. Code Ann § 63-7-13. In addition, Hughes failed to stop in response to a police officer's signal to pullover in violation of Miss. Code Ann. § 97-9-72. Thus, at the time of the alleged claim, Hughes was engaged in criminal activities and thus his state law claim is barred. See Topps v. City of Hollandale, 2000 WL 1010334, * 3 (N.D. Miss. 2000). In the Topps case, another Court in this District ruled that a plaintiff was involved in criminal activities based upon speeding, failure to yield to blue lights, and driving with a suspended license. Id. Thus, there is no issue of material fact and the Defendants are entitled to summary judgment.

In addition, the MTCA provides that a governmental entity is immune from a tort suit "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused." Miss. Code Ann. § 11-46-9(d) (Rev.2002). "Governmental entity"

includes counties within the State. Miss. Code Ann. § 11-46-1(g) and (I) (Supp.2004). The Mississippi Supreme Court has used a two-part test to determine if a function is discretionary: "(1) whether the activity involved an element of choice or judgment, and if so; (2) whether the choice or judgment in supervision involves social, economic or political policy alternatives." Bridges v. Pearl River Water Supply Dist., 793 So. 2d 584, 588 (Miss. 2001) (citing Jones v. Miss. Dept. of Transportation, 744 So. 2d 256, 260 (Miss. 1999)).

In the case *sub judice*, the decision of Officers Rhea and Hall whether to arrest the Plaintiff involved an element of choice. See Norwood v. Mississippi, 258 So. 2d 756, 760 (Miss. 1972) (determination of probable cause to make an arrest permits the use of common sense and honest judgment by police officers). In addition, the decision to pull over the Plaintiff was an exercise in judgment. Second, the City's desire to protects its citizens on the roads from those driving with malfunctioning equipment is a legitimate political and social policy. Thus, the city is also protected by the discretionary function exception. Therefore, there is no genuine issue of fact and the Defendants are entitled to judgment as a matter of law.

*D. Conclusion*

The Plaintiff has failed to maintain his burden of proof by demonstrating the existence of a genuine issue of material fact. In contrast, the Defendants have succeeded in demonstrating the absence of a genuine issue of fact as to all the Plaintiff's claims. The Plaintiff cannot maintain a cause under section 1983 because the Defendants had probable cause to arrest him. In addition, the individual defendants are cloaked in qualified immunity because they acted in an objectively reasonable behavior. The Court finds no merit in the Plaintiff's municipal liability theory. Furthermore, the Defendant City of Guntown is exempted from liability under the criminal activity exception and the discretionary function exception. Thus, all of Plaintiff's

claims fail and Defendants are entitled to judgment as a matter of law. Rule 56(C) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273.

A separate order in accordance with this opinion shall issue this day.

This the 23th day of March 2006.

/s/ Glen H. Davidson
Chief Judge